72256. RYALS v. ANDERSON et al.
(349 SE2d 801)

BENHAM, Judge.

On June 1, 1983, appellant executed a contract for the purchase of a Florida condominium and tendered a check for $10,990 to the developer/seller. When appellant's attempt to void the contract in February 1984 proved unsuccessful, she filed suit seeking rescission of the contract under Florida law (FSA § 718.503) and reimbursement of her down payment. The parties filed cross-motions for summary judgment, and appellant brings this appeal from the grant of summary judgment to appellees.

1. Since the property involved is located in Florida, the law of that state governs the contract affecting title to land. *Kollock v. Webb*, 113 Ga. 762 (2) (39 SE 339) (1901); 5 EGL 234, Conflict of Laws, § 29 (1977 Rev.).

2. Under Florida law, a contract for the sale of a condominium unit is voidable by the buyer within 15 days of the buyer's execution of the sales contract and receipt of documents statutorily required to be given the buyer by the developer/seller. FSA § 718.503 (2). Appellant maintains that her attempt to void the sales contract in February 1984, more than eight months after she signed the contract, was timely because she never received the documents listed in FSA § 718.503. Therefore, she reasons, the 15-day period in which she might

exercise her statutory right to cancel has never commenced.

Appellees, on the other hand, argue that whether or not appellant actually received the condominium documents is of no consequence since appellant acknowledged receipt of the documents when she signed the sales contract. Under the holding of the District Court of Appeal of Florida in *Chalfonte Dev. Corp. v. Rosewin Coats, Inc.*, 374 S2d 618 (Fla. App. 1979), by signing a contract containing an acknowledgment of receipt of all necessary documents, a purchaser is bound by the terms of the sales contract and cannot rescind, even if the seller failed to comply with the statutory mandate concerning the distribution of documents to the purchaser. When she signed the sales contract on June 1, 1983, appellant acknowledged "receipt of the Condominium documents listed on Exhibit '2' attached hereto on the date shown on the first page hereof." Exhibit 2 listed the documents named in FSA § 718.503 (2) (a) — (o) and (3) (a) — (b). By signing the sales contract, appellant acknowledged receipt of the documents the developer was statutorily required to give her, and she may not now be heard to complain that she did not receive them. Id.

3. Appellant argues that summary judgment for appellees was inappropriate in light of the findings made by the trial court in its denial of appellant's motion for summary judgment. In ruling on appellant's motion, the trial court noted that the key factor was whether appellant had received the documents. By means of affidavits, appellant denied receiving the documents while the employee who dealt with appellant swore that he gave them to appellant. Since this question of fact remained, summary judgment was appropriately denied appellant. Appellees' motion, however, brought into play the concept that appellant was estopped from complaining of not receiving documents, receipt of which she had acknowledged by signing the sales contract. While a question of fact concerning receipt precluded summary judgment for appellant, that same question did not infringe upon appellees' right to summary judgment.

4. Finally, appellant maintains that the grant of summary judgment to appellees should be reversed because, when threatened with litigation, one of the appellees offered to return one-half of appellant's down payment. However, an offer to settle or compromise is not admissible to prove liability. FSA § 90.408. The trial court did not err in this regard.

*Judgment affirmed. Deen, P. J., concurs. Beasley, J., concurs specially.*

BEASLEY, Judge, concurring specially.

I concur but wish to point out that it is not so simple a matter as buyer having acknowledged, in the contract itself, receipt of the condominium documents. In this regard it differs from the facts in

*Chalfonte Dev. Corp. v. Rosewin Coats, Inc.*, 374 S2d 618 (Fla. App. 1979).

Attached to the contract and made a part of it is the receipt itself. It states that "The undersigned acknowledges that the documents checked below have been received or, as to plans and specifications, made available for inspection." Then, immediately above the list of documents, none of which is check-marked in the space provided next to each, is the instruction: "Place a check in the column by each document received or, for the plans and specifications, made available for inspection. If an item does not apply, place 'N/A' in the column." The "N/A" sign is typed in next to a majority of the documents listed, and it is plain that this was done at the time the Receipt was originally prepared because there is no blank line underneath and the typing is identical. Since the blank space next to each of the other listed documents listed is blank, it might appear that the buyer received none of them at the time she signed the receipt form but merely agreed that the plans and specifications had been made available and that a cancellation provision applied.

Contracts must be considered in their entirety when construing them. OCGA § 13-2-2 (4); *McCann v. Glynn Lumber Co.*, 199 Ga. 669, 674 (34 SE2d 839) (1945). Reading the acknowledgment contained in the body of the contract, together with this receipt, there is some ambiguity as to whether buyer acknowledged, in the contract, receipt of the documents.

The ambiguity, if there is one, must be construed against her because it is she who created it. OCGA § 13-2-2 (5); *Anderson v. Southeastern Fidelity Ins. Co.*, 251 Ga. 556, 557 (307 SE2d 499) (1983). The instructions clearly directed her to check the ones received; if none actually were received, a statement to that effect, rather than the signing of a receipt, should have been accomplished to avoid the ambiguity which is arguably there.

DECIDED OCTOBER 16, 1986.

*John T. McKnight, Jr.*, for appellant.
*Terry L. Readdick, B. Kaye Katz*, for appellees.